IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 98-cr-30155-MJR |
| ) | |
| LAWRENCE E. SIMMONS, JR., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I.   Procedural background

On October 14, 2008, Defendant Lawrence E. Simmons, Jr., requested a reduction in his sentence pursuant to the retroactive crack cocaine amendment, 18 U.S.C. § 3582(c)(2) (Doc. 117).  On October 17, 2008, the Court appointed the Federal Public Defender's Office to represent Simmons in this matter, and Assistant Federal Public Defender Daniel Cronin entered an appearance on Simmons's behalf on March 4, 2009 (Docs. 118, 119).  On the same day, Mr. Cronin moved for leave to withdraw as counsel of record for Simmons, stating that, after reviewing the case, he had determined that Simmons had no meritorious basis for obtaining relief under 18 U.S.C. § 3582(c) and the retroactive amendments to the crack cocaine sentencing guidelines, Amendment 706, U.S.S.G. (Doc. 120).

The Court granted Mr. Cronin's motion for leave to withdraw and allowed Simmons 60 days within which to respond to the Court with any arguments why his motion for a sentence reduction should not be denied (Doc. 121).  Simmons filed his response on April 20, 2009, reiterating his argument that he qualified for a sentence reduction (Doc. 125).  After allowing

additional time both for the Government's response and for Simmons's reply, the Court denied Simmons's motion for a reduction in his sentence on July 8, 2009 (Doc. 133). The basis for the Court's denial was its finding that Simmons was sentenced subject to a mandatory minium and was not entitled to a crack reduction.

On July 23, 2009, Simmons filed the instant motion to alter or amend judgment (Doc. 134). He submits that the Court erred in denying his motion for a reduction of sentence. To borrow a phrase from Judge Rovner of the Seventh Circuit, "We need not linger too long" on the matter before this Court. ***See United States v. Stephenson*, 557 F.3d 449, 454 (7th Cir. 2009).** Simmons's motion to alter or amend judgment must be denied.

**II.     Analysis**

For many years, the Seventh Circuit (and this Court) used a bright-line test to determine whether Rule 59(e) or Rule 60(b) governed motions to alter or amend judgment. If the motion was filed *within* ten days of the date the challenged judgment or order was entered, Rule 59(e) applied. If the motion was filed *more* than ten days after the judgment or order was entered, then Rule 60(b) applied, no matter how the motion was labeled. ***See Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001); *Britton v. Swift Transp. Co., Inc.,* 127 F.3d 616, 618 (7th Cir. 1997); *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 750 (7th Cir. 1995); *Hope v. U.S.*, 43 F.3d 1140, 1143 (7th Cir. 1994); *U.S. v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992); *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986)("all substantive motions served within 10 days of the entry of judgment will be treated as based on Rule 59").**

In 2008, the Seventh Circuit encouraged a different approach as to motions filed *within* the ten-day period:

2

>   whether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it. Therefore, the former approach – that, no matter what their substance, all post-judgment motions filed within 10 days of judgment would be construed as Rule 59(e) motions – no longer applies.  In short, motions are to be analyzed according to their terms....
>
>   Neither the timing of the motion, nor its label (especially when drafted by a pro se litigant) is dispositive with respect to the appropriate characterization of the motion.

*Obriecht v. Raemisch,* **517 F.3d 489, 493 (7th Cir.),** *cert. denied***, 129 S.Ct. 417 (2008),** *citing Borrero v. City of Chicago***, 456 F.3d 698, 701-02 (7th Cir. 2006)**. *Borrero* and its progeny have broadened the approach to motions filed within the ten-day period following entry of judgment.

Simmons's motion to alter or amend judgment was filed within ten days after the Court entered its Order denying his motion and is based on alleged errors of law and fact.  It is, therefore, properly considered under Rule 59(e). ***White v. New Hampshire Dep't of Employment Sec.,* 455 U.S. 445, 451 (1982) (motion to alter or amend a judgment pursuant to Rule 59(e), is proper "to support reconsideration of matters properly encompassed in a decision on the merits");** *Harrington v. City of Chicago,* **433 F.3d 542, 546 (7th Cir. 2006) ("Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact.") (citation omitted)**

Accordingly, in sum, the purpose of a Rule 59(e) motion is to bring to the court's attention "a manifest error of law or fact, or newly discovered evidence." *Bordelon v. Chicago School Reform Bd. of Trustees,* **233 F.3d 524, 529 (7th Cir. 2000),** *citing LB Credit Corp. v. Resolution Trust Corp.,* **49 F.3d 1263, 1267 (7th Cir.1995)**. Four grounds justify reconsideration under Rule 59(e): (1) an intervening change in the law; (2) new evidence not available at the time

of the original ruling; (3) a clear legal error; and (4) the prevention of manifest injustice. *See* **Baicker-McKee, Janssen & Corr, FEDERAL CIVIL RULES HANDBOOK, p. 915 (2004);** *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.***, 762 F.2d 557, 561 (7th Cir. 1985)**.

Motions to reconsider may not be used to re-litigate issues already addressed or to present arguments which *could have been* raised previously. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.***, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.");** *see also Ahmed v. Ashcroft,* **388 F.3d 247, 249 (7th Cir. 2004) ("A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind.")**. Moreover, the moving party must "clearly establish" a manifest error of law or an intervening change in the controlling law or present newly discovered evidence to succeed under Rule 59(e). *Romo v. Gulf Stream Coach, Inc.,* **250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)**.

Having carefully reviewed the parties' briefs, the Court finds that Simmons has presented no ground to justify altering or amending the Court's Order. He simply misapprehends the law relevant to his case. As the Court explained in its July 8 Order, Simmons does not qualify for a sentence reduction because he is subject to a mandatory minimum sentence in excess of the applicable guideline range. The guideline amendments in question have no application to his sentence. *See Application Note* **1(A)(a reduction in the defendant's term of imprisonment is not authorized if defendant's guideline range would not be lowered due to "the operation of another guideline or statutory provision (***e.g.***, a statutory mandatory minimum term of imprisonment).")**. Stated another way, Simmons was properly sentenced in accord with §

4

5G1.1(b), and the mandatory minimum sentence for his offense controls.

### III.     Conclusion

Having reviewed the record before it, the Court finds no ground on which to grant relief under Rule 59(e).  Accordingly, the Court **DENIES** Simmons's July 23, 2009 motion to alter or amend judgment (Doc. 134).

**IT IS SO ORDERED.**

**DATED this 8th day of October, 2009**


                                        s/Michael J. Reagan
                                        **MICHAEL J. REAGAN**
                                        **United States District Judge**